## Frank Ransom v. City of Belvidere.

1. CITIES AND VILLAGES—*Liability for Defective Sidewalks.*—A city can not be held liable without proof that it had notice of the dangerous condition of a sidewalk, or proof that the dangerous condition had existed for such a length of time that the city, in the exercise of reasonable care, should have known the fact.

2. SAME—*Constructive Notice.*—Municipalities can not be held for injuries resulting from defective sidewalks without proof of either actual or constructive notice.

Action in Case, for personal injuries. Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

WILLIAM L. PIERCE and CHARLES ROACH, attorneys for appellant.

P. H. O'DONNELL, city attorney, and ROBERT W. WRIGHT, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellant against appellee to recover damages for injuries alleged to have been sustained in consequence of a fall upon an icy sidewalk.

The declaration contained two counts. The first averred that the defendant was possessed and had control of a certain sidewalk in the city, and wrongfully and negligently suffered and permitted the same to be and remain in bad and unsafe repair and condition, with full notice thereof, for two months; that the defendant constructed a portion of the walk in a declivitous manner, and that snow and ice accumulated thereon and caused the same to become slippery and unsafe for travel thereon; that plaintiff, who was without notice of the condition thereof, stepped upon the icy and declining surface of the walk and fell therefrom, and was greatly injured.

The second count alleges the negligent construction of the walk, the accumulation of snow and ice thereon, its dangerous condition for persons using the same, notice to the city for one month, the due care of the plaintiff, as well as his fall and injury.

The defendant filed a plea of not guilty and the cause was tried by a jury. The defendant offered no evidence on the trial but permitted the case to go to the jury solely on the evidence introduced by the plaintiff. The jury returned a verdict of not guilty, and after overruling a motion for new trial the court entered judgment on the verdict, and the plaintiff brings the cause to this court by appeal.

The evidence shows that several months before the accident complained of, a building, known as Union Hall, had stood on the block abutting upon the walk in question, which was then a plank walk. The building having been destroyed by fire it was the expectation that the property would be rebuilt in a short time, and in preparation therefor the city council changed the grade of the street so that a new sidewalk, when laid, should be somewhat higher than the old one. A portion of the new walk had been laid at the time of appellant's fall and injury, being constructed of cement, permanently laid, and a foot or so higher than the old plank walk. To connect the new with the old walk, the city constructed a piece of wooden walk, made out of solid plank laid crosswise upon stringers to which the plank were spiked. This connecting piece of walk was about seven feet long and built upon an incline from the new and higher grade to the lower, the declivity being a slope to the north of from one and one-half inches to three and one-half inches to the foot, according to the varying testimony of appellant's own witnesses. In laying the plank the upper edge of each was raised, as counsel for appellant say, "about the thickness of a lath," so as to answer the purpose of cleats, which are not infrequently seen nailed on similar pieces of walk where a declivity exists. The walk in this condition had existed for several months before the accident.

Appellant was a pharmacist, having his place of business on North State street, in said city, about two hundred feet from the place where he fell and was injured. He had passed over the walk at the place of the declivity several times before the accident. On the night of his injury appellant, in company with the witnesses Gorham and Greenlee, passed over this walk, and in doing so he slipped and fell, receiving the injury complained of.

The witnesses Gorham and Greenlee were entirely familiar with the condition of the walk, and as they approached the place of the declivity Gorham said: " Here would be the place to slide," but whether the remark was made before appellant fell, or about the time he fell, does not appear with certainty. Gorham and Greenlee passed over the walk in safety.

We can not see that any just complaint can be made as to the manner in which the walk was constructed. There can be no doubt as to the right of the city to change the grade of the sidewalk under the circumstances shown by the evidence in this case, provided it used reasonable care for the public safety while making the changes from a lower to a higher grade. It is not to be expected the permanent walks along an entire street can all be put in at the same time. Building operations create unavoidable delays, and it not infrequently happens that connections must be made between walks on lower and higher grades, as was done in this case. Where these connecting walks are built of plank upon a declivity, prudence would seem to dictate that cleats should be nailed or fastened across the walk, so as to afford protection against slipping in frosty and icy weather. The same end seems to have been attempted by constructing the walk in question, as we have already described. That snow or ice may accumulate along these cleats· is true, but it would seem to be a matter of common sense that the walk would be less dangerous with, than without them. Had the walk in question been a straight declivity of seven feet, with a decline of fifteen inches without a break, it seems to us it would have been

more dangerous than it was, as constructed and existing at the time of the accident. The question as to whether or not the walk was dangerous in its construction was one of fact for the jury, and they having found it against appellant we see no reason for disturbing their verdict, so far as that point is concerned. Indeed we do not see how, upon the evidence, they could have reasonably found otherwise.

We fail to find any evidence in the record as to the length of time the ice and snow had existed upon the declined portion of the walk where appellant fell; nor do we find any evidence of notice to the city. It is unnecessary to cite authorities to the proposition that the city can not be held liable, without proof that it had notice of the dangerous condition of the walk, or proof that the dangerous condition had existed for such a length of time that the city, in the exercise of reasonable care, ought to have known the fact. In other words, there must be proof, either of actual or constructive notice. In this case we think such proofs are not to be found in the record.

We are of opinion, therefore, that the appellant did not prove a cause of action. Much complaint is made of the instructions. They are very voluminous, and cover every phase of the law applicable to this class of cases. Where so many instructions are presented to the trial court it would be almost a wonder if errors did not occasionally creep in. But in the view we take of the case we do not deem it necessary to discuss the instructions. Even if erroneous, as claimed, that would not reverse the judgment, for the reason above given, that the plaintiff on his own showing did not prove a cause of action against the defendant city. The judgment will therefore be affirmed.